Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7680 | **DATE** | 12/14/2000 |
| **CASE TITLE** | Dana Steinberg vs. Theresa Lewallen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly "it appears that the district court lacks subject matter jurisdiction (Section 1447(c)), so that remand is compelled (id). This Court so orders. As authorized by this District Court's LR 81.2(b), the Clerk is directed to mail the certified copy of the remand order forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 15 2000 | |
| | Notified counsel by telephone. | | date docketed | 2 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | FD-7 FILED FOR DOCKETING 00 DEC 14 PM 2:40 | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANA STEINBERG, a minor, etc., )
)
          Plaintiff, )
)
v. ) No. 00 C 7680
)
THERESA LEWALLEN, )
)
          Defendant. )

MEMORANDUM OPINION AND ORDER

DOCKETED
DEC 15 2000

Unicare Health Plans of the Midwest, Inc. f/k/a Rush Prudential HMO, Inc., Rush Prudential HMO, Inc. ("Rush Prudential") and Healthcare Recoveries, Inc. (collectively "Plans") have filed a Notice of Removal ("Notice") to bring this matter from the Circuit Court of Cook County to this District Court, seeking to invoke ERISA as the basis for removal under principles of preemption (see 29 U.S.C. §1144). For the reasons stated in this memorandum opinion and order, this Court sua sponte remands the matter to the state court of origin for lack of subject matter jurisdiction.

This opinion will first mention in passing one or two issues posed by the Notice--issues that could perhaps present other problems, but that need not be addressed in light of the fatal jurisdictional problem. As the Notice reflects, it is not the underlying state court action itself but only one of its facets-- what is captioned by plaintiff Dana Steinberg ("Dana") as "Plaintiff's Second Amended Petition To Adjudicate Medical

Subrogation Lien" ("Second Amended Petition")--that Plans seek to remove. For that reason, and because Plans may not have complied with the requirement of 28 U.S.C. §1446(a)[1] that the Notice be accompanied by "a copy of all process, pleadings, and orders served upon" Plans, there are some unanswered questions:

1. It cannot be ascertained just from the Notice and the Second Amended Petition (together with its exhibits) whether all of the necessary parties have joined in the Notice or consented to the removal, as the law requires. To that end Section 1446(a) speaks of removal by "defendants" (a term that the caselaw has construed to mean <u>all</u> defendants), and Plans have simply not addressed the content of that term in the present context.

2. It is also impossible to tell whether some prior activity in the underlying lawsuit (for example, Dana's original Petition or her First Amended Petition) were previously furnished to Plans so as to start the 30-day clock under Section 1446(b) ticking. If that were so, the Notice could be untimely.

But to return to the fatal flaw in Plans' current effort, it is noteworthy that the nature of the underlying action is a tragic injury to Dana, a minor. Plans' claim does not stem from

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

2

any asserted obligation on Dana's part, but rather from the premise (1) that Dana's mother Gayle Steinberg ("Gayle") had coverage under an employee benefit plan and (2) that Plans, having paid for Dana's medical expenses pursuant to that plan, are entitled to reimbursement under subrogation principles (see Section 9.4 of the Rush Prudential Subscription Certificate).

But that means that Plans have not focused at all on Dana's state court claim--which seeks either a declaration that her recovery in the underlying action is free and clear of any medical lien claim (which is said to run against Gayle and not against Dana herself), or alternatively a ruling that anyone who is found to be entitled to share in the proceeds of that recovery must bear an aliquot part of the lawyers' fees payable for their services in obtaining the recovery. Instead what Plans are seeking to advance are their <u>defense</u> to that claim by Dana (or perhaps Plans contemplate an attempted third-party claim against Gayle rather than against Dana).

In terms of Dana's claim (which is the proper focus of this Court's analysis), the present attempted removal is scotched by our Court of Appeals' decision in <u>Blackburn v. Sundstrand Corp.</u>, 115 F.3d 493 (7th Cir. 1997). It is true that <u>Wal-Mart Stores Health & Welfare Plan v. Wells</u>, 213 F.3d 398 (7th Cir. 2000), which has more recently addressed a different question (the right of an employee benefit plan fiduciary to sue for such

3

reimbursement under ERISA in the first instance), has in the course of its discussion raised a question as to the possible tension between Blackburn and Administrative Committee v. Gauf, 188 F.3d 767, 771 (7th Cir. 1999). But in the different situation that is posed here--a situation comparable to that dealt with in Blackburn--the Blackburn decision still controls directly, and it must be adhered to by this Court.

Accordingly "it appears that the district court lacks subject matter jurisdiction (Section 1447(c)), so that remand is compelled (id.). This Court so orders. As authorized by this District Court's LR 81.2(b), the Clerk is directed to mail the certified copy of the remand order forthwith.

                                                    */s/ Milton I. Shadur*
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: December 14, 2000

4